Sheridan MANASEN et al., Plaintiff-Appellant (Cross-Appellee),

v.

CALIFORNIA DENTAL SERVICES, Defendant-Appellee (Cross-Appellant).

Nos. 77–1751, 77–1752.

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1979.

As Amended March 15, 1979.

John L. Cooper (argued), of Farella, Braun & Martel, San Francisco, Cal., for plaintiff-appellant (cross-appellee).

Peter A. Sloss (argued), of Martin, Munter & Keegin, San Francisco, Cal., for defendant-appellee (cross-appellant).

Before CHOY and SNEED, Circuit Judges, and KERR *, District Judge.

PER CURIAM:

Eleven California dentists, six of whom are participating dentists and five of whom are non-participating dentists under California Dental Services (CDS), a non-profit prepaid dental care plan, brought a class action against CDS. They allege both primary and secondary boycott by CDS and its subscribers against non-participating dentists, as well as coercion, price-fixing and intimidation. We reverse and remand.

Under § 2(b) of the McCarran Act, 15 U.S.C. § 1012(b), the Federal antitrust laws (Sherman Act, Clayton Act, Federal Trade Commission Act) are "applicable to the business of insurance to the extent that such business is not regulated by State Law." But if state law regulates the business of insurance no act of Congress is to supersede the state law (unless such act specifically relates to the business of insurance). However, § 3(b) of the McCarran Act, 15 U.S.C. § 1013(b), removes the § 2(b) exemption from the Sherman Act as to "any agreement to boycott, coerce, or intimidate, or act of boycott, coercion, or intimidation."

The district court granted summary judgment in favor of CDS, construing the § 3(b) exception narrowly to only insurance companies blacklisting another insurance company—not to insurance companies boycotting, coercing or intimidating policyholders at large. The district court relied on this circuit's *Addrisi v. Equitable Life Assurance Society of the United States*, 503 F.2d 725 (9th Cir. 1974), *cert. denied*, 420 U.S. 929, 95 S.Ct. 1129, 43 L.Ed.2d 400 (1975).

We must reverse and remand because, subsequent to the district court's decision, the Supreme Court ruled on a First Circuit decision which conflicted with *Addrisi*, to wit, *Barry v. St. Paul Fire & Marine Insurance Co.*, 555 F.2d 3 (1st Cir. 1977). In rejecting the insurance companies' contention "that only insurance companies and agents could be victims of practices within the reach of the boycott exception," the Court approved the broad construction of the § 3(b) exception favored by the First Circuit. *St. Paul Fire & Marine Insurance Co. v. Barry*, 438 U.S. 531, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978).

But, argues the company here, even if § 3(b) applies as to dentists and CDS, the claims the dentists make do not amount to "boycott, coercion, or intimidation," citing *Travelers Insurance Co. v. Blue Cross of Western Pennsylvania*, 481 F.2d 80, 84 (3rd Cir. 1973), *cert. denied*, 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973). Since the district court relied on *Addrisi* and did not consider whether the allegations in the complaint if proved constituted boycott, coercion or intimidation, the grant of summary judgment must be reversed.

---

* The Honorable Ewing T. Kerr, Senior United States District Judge for the District of Wyoming, sitting by designation.

Defendants below cross-appeal from the district court's failure to order the dentists to send notice to the class they purported to represent. The district court wrote: "Court did not deem it necessary that notice be sent to class." In this the district court erred, for the Supreme Court has held that notice to a class represented under Fed.R.Civ.P. 23(b)(3) is mandatory and not discretionary under Fed.R.Civ.P. 23(c)(2). *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).[1]

REVERSED and REMANDED.

---

**1.** The dentists' arguments regarding Fed.R. Civ.P. 23(e) are inapposite.