58 F.3d 430
 64 USLW 2003, Fed. Sec. L. Rep. P 98,788,
31 Fed.R.Serv.3d 1329
 Richard T. SCHWARZSCHILD, Plaintiff-Appellant,
v.
Bernard K. TSE, et al.; Lawrence D. Lummis; Robert C.
Wilson; Phillip E. White; James P. Lally; Wyse
Technology, Inc.; WT Acquisition Corp.; and Channell
International Corporation, Defendants-Appellees.
 No. 93-16681.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1995.
Decided June 22, 1995.
 
 Joel C. Feffer, Wechsler, Skirnick, Harwood, Halebian & Feffer, New York City, for plaintiff-appellant.
 Steven Schatz, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 REINHARDT, Circuit Judge:
 
 
 1
 We consider here a narrow question of procedure involving notices in class action cases. We must decide whether a defendant who has succeeded in obtaining summary judgment may subsequently compel the named plaintiff to give the class the Rule 23(c)(2) notice that is ordinarily given shortly after class certification, or whether by obtaining judgment before the notice is given the defendant has waived any right to have notice sent to the purported class members.
 
 I.
 
 2
 Richard T. Schwarzschild [plaintiff] sued Bernard K. Tse, et al. [defendants], for violations of Sections 13(e) and 14(e) of the Securities and Exchange Act, as well as for violations of the California Corporations Code. Plaintiff filed his claim in January of 1990. In July of that year, he moved for class certification. The district court granted the motion to certify on October 24th, 1991 and denied the defendants' subsequent motion for reconsideration in July of 1992.
 
 
 3
 On October 9th, 1992, defendants filed a motion for summary judgment and a motion to decertify the class. On the same day, plaintiff filed a motion for an order approving class notice. On December 9th, 1992, the district court entered an order granting the defendants' motion for summary judgment and stating that the defendants' motion to decertify and the plaintiff's motion to distribute notice were moot. Almost six months after the grant of summary judgment, in May of 1993, defendants moved for an order directing the distribution of notice to the class concerning the pendency of an action.
 
 
 4
 On July 13, 1993, the district court granted the defendants' motion and ordered that notice concerning the pendency of an action be sent to all members of the plaintiff class. Schwarzschild now appeals that order.[1] He contends that, once summary judgment has been granted upon the defendants' own motion, a district court may not require notification of the members of the class.
 
 II.
 
 5
 This appeal involves the notice requirement of Federal Rule of Civil Procedure 23(c)(2), which states that:
 
 
 6
 In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude the member of the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.
 
 
 7
 Fed.R.Civ.P. 23(c)(2). We review the district court's interpretation of the rule de novo.
 
 
 8
 Defendants maintain, and the district court agreed, that Rule 23(c)(2) compels a court to send notice concerning the pendency of the action to all members of the class even when summary judgment has already been granted upon the merits of the case. Plaintiff contends, in contrast, that notice is not required when a district court has already granted summary judgment in favor of the defendants upon their own motion. We agree with the plaintiff and hold that, by obtaining summary judgment before the class has been certified and notice has been sent, the defendants waived any right to compel the plaintiff to notify the class of the pending action.
 
 III.
 
 9
 The unusual nature of the issue before us is due in large part to the fact that district courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified. The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated. See, e.g., Postow v. OBA Fed. Sav. and Loan Ass'n, 627 F.2d 1370, 1381-82 (D.C.Cir.1980); Katz v. Carte Blanche Corp., 496 F.2d 747, 759-60 (3d Cir.1974) (en banc), cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Sec. 1788, at 222-23 (2d ed. 1986); cf. Besinga v. United States, 923 F.2d 133, 136-37 (9th Cir.1991).
 
 
 10
 As the Third Circuit has noted, the history of the development of Rule 23(c)(2) makes clear that the rule was adopted to prevent "one-way intervention"--that is, the intervention of a plaintiff in a class action after an adjudication favoring the class had taken place. Such intervention is termed "one way" because the plaintiff would not otherwise be bound by an adjudication in favor of the defendant. Katz, 496 F.2d at 759. In the words of the Third Circuit:
 
 
 11
 Many commentators objected that one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual. This was thought to be unfair to the defendant. To meet the point that one-way intervention was unfair to the defendant, the Advisory Committee on Federal Rules concluded that class members should be brought in prior to the determination of defendant's liability, thus making the estoppel mutual. To make joinder at an early stage practically achievable, the "opting out" mechanism was devised.
 
 
 12
 Id. (emphasis added and internal citations omitted).
 
 
 13
 The language of Rule 23(c)(2) supports the view that notice must be sent before a judgment has been granted. First, it applies only to a class action "maintained" before the district court. Fed.R.Civ.P. 23(c)(2). Second, the rule states that the notice must advise the member that "the judgment, whether favorable or not, will include all members who do not request exclusion," id. (emphasis added). The rule thus clearly contemplates that the notice requirement will be met before the parties are aware of the district court's judgment on the merits.IV.
 
 
 14
 Although the history, purpose, and language of Rule 23(c)(2) indicate that it only contemplates notification of the class before a final judgment has been rendered on the merits, defendants maintain that this court's per curiam decision in Manasen v. California Dental Services, 638 F.2d 1152 (9th Cir.1979), compelled the district court to grant the defendants' motion to send notice to the class even after it rendered its judgment.[2] In effect, defendants urge us to extend the mandatory notice requirement of Rule 23(c)(2) to cases in which summary judgment has already been granted on the defendant's own motion. We decline to do so.
 
 
 15
 The defendants misread our holding in Manasen. In Manasen, we reversed and remanded a case in which a district court had made a summary judgment ruling that was contrary to a new Supreme Court decision. In ruling upon the plaintiffs' appeal, we also granted the defendant's cross-appeal from the district court's failure to order the plaintiffs to send notice to the class they purported to represent. Manasen, 638 F.2d at 1153-54. We observed when granting the defendant's cross-appeal that notice under Rule 23(c)(2) is "mandatory and not discretionary." Id. at 1154. Based upon this language, and without pointing to any other evidence regarding the procedural posture of the case, the defendants here contend that the Manasen defendant was cross-appealing a refusal by the district court to send notice to the class after it had granted summary judgment in its favor. Accordingly, they urge us to interpret Manasen as holding that notice is mandatory even after summary judgment has been granted.
 
 
 16
 Nothing in Manasen supports the defendants' contention. To the contrary, the most reasonable interpretation of the case is that the defendant was appealing the district court's failure to send notice prior to granting summary judgment; further, once the appellate court had decided to reverse the district court's grant of summary judgment and remand the case, it is clear that notice would be required under Rule 23(c)(2) because the case would once again be pending before the district court. Thus, we find that Manasen in no way supports the defendants' strained reading of Rule 23(c)(2).
 
 V.
 
 17
 Having concluded that Manasen does not compel notice to be sent in this case, we now turn to the plaintiff's contention that the defendants waived their right to send notice to the class by obtaining summary judgment before notice of the pending action was sent.[3]
 
 
 18
 Although we have not explicitly ruled upon this question, several circuits have concluded that a defendant waives his right to have notice sent to the class under Rule 23(c)(2) whenever he moves for summary judgment before the class has been properly certified and notified. For example, the District of Columbia Circuit has stated:
 
 
 19
 the strongest argument for [forbidding] post-judgment class certification is that pre-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, "the defendants ... assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants."
 
 
 20
 Postow, 627 F.2d at 1382 (quoting Haas v. Pittsburgh Nat'l Bank, 381 F.Supp. 801, 805 (W.D.Pa.1974), rev'd on other grounds, 526 F.2d 1083 (3d Cir.1975)).[4] Similarly, the Third Circuit has concluded in an en banc decision that when a defendant prefers to "take its chances on stare decisis rather than res judicata," the district court may grant the defendant's motion for summary judgment even though the class has not yet been notified. Katz, 496 F.2d at 759.[5]
 
 
 21
 We join the District of Columbia and Third Circuits in holding that when defendants obtain summary judgment before the class has been properly certified or before notice has been sent, they effectively waive their right to have notice circulated to the class under Rule 23(c)(2); in such cases, the district court's decision binds only the named plaintiffs. The defendants' novel interpretation of Rule 23(c) ignores its purpose, development, and text. Given that notice would serve no purpose in this case save to require the plaintiffs to engage in a costly and unnecessary exercise, we decline to apply Rule 23(c)(2) in a manner that is clearly contrary to the intent of its framers.
 
 CONCLUSION
 
 22
 By obtaining summary judgment before notice had been sent to the class, the defendants waived their right to have such notice given and to obtain a judgment that was binding upon the class. Accordingly, the decision of the district court is reversed and remanded for further proceedings not inconsistent with this opinion.
 
 
 23
 REVERSED AND REMANDED.
 
 
 
 [1]
 A motions panel of this court has already ruled that the order in question is a final, appealable order
 
 
 [2]
 Defendants also assert that the mandatory language of rule 23(c) makes clear that the rule was intended to be applied even after a judgment on the merits has been rendered. In essence, they ask us to conclude that notice is mandatory after a judgment on the merits has been rendered merely because the rule states that notice is mandatory before such a judgment has been entered. However, the history and the text of the rule belie the defendants' contention that the rule was designed to be invoked after a judgment has been granted on the merits. See supra pp. 432-433
 
 
 [3]
 Defendants contend that we may not reverse the district court's decision on this ground because the plaintiff failed to raise this argument below. The record reveals, however, that the plaintiff raised the waiver issue before the district court; he even cited the appropriate case in making his argument. Moreover, even if the plaintiff had failed to raise the issue with sufficient explicitness, we could nevertheless address it because it is a purely legal question that can be resolved without further development in the factual record. Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985)
 
 
 [4]
 The District of Columbia Circuit, however, concluded that "equitable reasons" may allow post-judgment certification and notice in cases in which the plaintiffs have succeeded on summary judgment in certain circumstances. Postow, 627 F.2d at 1383. We need not address the merits of that holding here and reserve judgment on that question
 
 
 [5]
 Underlying the holdings of the District of Columbia and Third Circuits may be the fact that several circuits have held that a decision rendered by the district court before a class has been properly certified and notified is not binding upon anyone but the named plaintiffs. See, e.g., Besinga, 923 F.2d at 137; Gert v. Elgin National Industries, Incorporated, 773 F.2d 154, 160 (7th Cir.1985); Wright v. Collins, 766 F.2d 841, 847 (4th Cir.1985); Jones v. Diamond, 594 F.2d 997, 1023 (5th Cir.1979), rev'd on other grounds, 636 F.2d 1364 (5th Cir.1981) (en banc), cert. dismissed, 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981)