141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AMDAHL CORPORATION, Plaintiff-Appellant,
v.
PROFIT FREIGHT SYSTEMS, INC., a corporation; Lep Profit
International, Inc., a corporation; Lep Intl
Inc., Defendants-Appellees,
Atlas Consolidated Container Inc., Defendant.
 No. 97-15587.
DC No. CV 92-2253 DLJ.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Feb. 11, 1998.
Decided March 23, 1998.
 
 Appeal from the United States District Court for the Northern District of California D. Lowell Jensen, District Judge, Presiding.
 Before SCHROEDER, FARRIS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1991, Amdahl Corporation ("Amdahl") contracted with Profit FreightSystems, Inc., and Lep Profit International, Inc. (collectively "Lep") to transport Amdahl's laser wire bonder from California to Ireland. Lep arranged for Atlas Consolidated Container, Inc. ("Atlas") to carry Amdahl's equipment by sea from New York to Ireland. When the shipment arrived in Ireland, Amdahl's equipment was damaged and unusable. Amdahl commenced this action against Lep for breach of contract and negligence. After a bench trial, the district court concluded that Lep was not a common carrier but instead a forwarding agent subject to liability only for its own negligence, and found that Amdahl failed to prove negligence on the part of Lep. Therefore, the district court entered judgment in favor of Lep.
 
 
 3
 The district court's interpretation of federal law is an application of law reviewed de novo. Schwarzschild v. TSE, 69 F.3d 293, 295 (9th Cir.1995). The interpretation and construction of contract provisions are questions of law reviewed de novo. HS Servs., Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 644 (9th Cir.1997). Findings of fact are reviewed for clear error. Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996).
 
 
 4
 The parties dispute whether Lep was a common carrier subject to strict liability or a forwarding agent who was liable only for its own negligence. The shipment of goods in this case was governed by a written instrument between Amdahl and Lep, the Shipper's Letter of Instructions ("SLI"). On the front page of the SLI, Lep was listed as "Forwarding Agent." However, paragraph (1) on the back of the same document specified that " 'forwarder' means PROFIT, 'carrier' included the Forwarder and all carriers which transport goods hereunder or perform any other services related to such goods." We conclude that the SLI only listed what Lep could do in typical shipments, not what Lep did in the transportation of Amdahl's laser bonder. Therefore, since the SLI is insufficient to prove Lep's status, the district court did not err in looking to the actual conduct of the parties to determine Lep's role in the transaction. Its findings of fact in this regard were not clearly erroneous.
 
 
 5
 In Chicago, Milwaukee, St. Paul & Pac. R.R. v. Acme Fast Freight, Inc., 336 U.S. 465, 484, 69 S.Ct. 692, 93 L.Ed. 817 (1949), the Supreme Court discussed two very different types of forwarders, namely, forwarding agents and forwarders subject to common carrier liability. Id. at 484. The Court explained that forwarding agents merely arranged for the transportation by common carriers of shippers' goods and charged fees for their services, in addition to which the shipper would pay the freight charges of the carrier who actually transported the goods. Id. Forwarding agents were liable only for their own negligence. Id. In contrast, forwarders subject to common carrier liability picked up a shipment at the shipper's place of business and agreed to deliver it safely to its ultimate destination. This type of forwarder charged a rate covering the entire transportation, and was subject to common carrier liability for loss or damage regardless of whether it had been at fault. Id. at 484-85.
 
 
 6
 As the district court found, Lep merely arranged for the transportation of Amdahl's equipment by contracting with other companies to carry the goods, containerize them and warehouse them. The rate Amdahl was charged by Lep for this transaction was set by Atlas, rather than Lep. The district court did not err in concluding that Lep was not a carrier or a forwarder subject to common carrier liability, but was a forwarding agent subject to liability only for its own negligence. Amdahl failed to prove that Lep was negligent. The district court correctly held that Lep was not liable for the damage to Amdahl's equipment.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 This disposition renders moot Amdahl's contention that the district court erred in granting Lep's motion to amend its answer to allege a contractual limitation of damages as an affirmative defense