Cite as 2020 Ark. 94

# SUPREME COURT OF ARKANSAS

No. CV-19-255

| | |
|---|---|
| | Opinion Delivered: February 27, 2020 |
| CITY OF FORT SMITH, ARKANSAS<br>APPELLANT | |
| | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. 66FCV-17-637] |
| JENNIFER MERRIOTT, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | REVERSED AND REMANDED. |

SHAWN A. WOMACK, Associate Justice

In this case, we consider a narrow question of procedure involving the notice requirement in Arkansas Rule of Civil Procedure 23(c). We must decide whether a defendant waives the right to compel class notice by moving for summary judgment prior to notice, even if the motion is denied and no decision on the merits has been rendered. Under such circumstances, we conclude that the defendant does not waive the right to compel pretrial notice. The circuit court's order is reversed and remanded for proceedings consistent with this opinion.

I.

Jennifer Merriott filed the underlying class action against the City of Fort Smith to recover allegedly misused public funds from the City's curbside residential recycling

program.  The lawsuit was premised on claims of illegal exaction and unjust enrichment.  Merriott sought a full refund of all monies illegally exacted and, for the unjust enrichment claim, she sought equitable disgorgement and restitution.

The controlling complaint was filed on September 8, 2017.  Twelve days later, Merriott moved for class certification.  In October 2017, the City responded to the motion for class certification and separately moved for summary judgment.  In January 2018, the circuit court certified the same class for both claims: All Fort Smith, Arkansas, residential sanitation fee customers who paid any residential sanitation fees to the City of Fort Smith between October 1, 2014, and May 1, 2017.  Three months later, the circuit court denied the City's motion for summary judgment.

In October 2018, the City moved to compel class notice on both the illegal exaction and unjust enrichment claims.[1]  It argued that notice was required under Rule 23(c) and due process.  Merriott contended, and the circuit court agreed, that the City waived notice by moving for summary judgment prior to class certification and notice.  This conclusion was based on *National Enterprises, Inc. v. Kessler*, 363 Ark. 167, 213 S.W.3d 597 (2005).  The court held that under *Kessler*, the timing of the City's motion for summary judgment waived notice even though the motion was ultimately unsuccessful.  This appeal followed.

---

[1]The parties do not challenge the circuit court's order compelling notice of the illegal exaction claim.  Our discussion is accordingly limited to the unjust enrichment claim.

The City invoked our jurisdiction under Rule 2(a)(9), which permits review of an "order granting or denying a motion to certify a case as a class action." Ark. R. App. P.–Civ. 2(a)(9) (2018). Merriott moved to dismiss the appeal, arguing that the order denying the City's motion to compel notice did not fall within the scope of Rule 2(a)(9). However, we have explained that "an order prescribing notice of the class action is fundamental to the further conduct of the case and is appealable." *Seeco, Inc. v. Hales*, 334 Ark. 307, 311–12, 973 S.W.2d 818, 820 (1998) (quoting *Union Nat'l Bank v. Barnhart*, 308 Ark. 190, 198–99, 823 S.W.2d 878, 882 (1992) (internal quotation marks omitted)). And thus, a majority of the court voted to deny the motion to dismiss. We now proceed to the merits of the appeal.

II.

For its sole point on appeal, the City challenges the circuit court's denial of its motion to compel notice. The City contends that the circuit court's decision was premised on an erroneous interpretation of this court's decision in *Kessler*. The City further argues that Rule 23(c) and due process mandate pretrial class notice. Conversely, Merriott maintains that the timing of the City's motion, and not the outcome, constituted waiver under *Kessler*. With respect to the City's due process claims, Merriott argues that the City lacks standing to raise due process claims on behalf of the absent class members.

We have not previously articulated our standard of review for orders denying a motion to compel class notice. The parties appear to agree that the proper standard of

3

review is abuse of discretion. Indeed, this is the level of review given to orders prescribing class notice. *See Seeco*, 334 Ark. at 312, 973 S.W.2d at 820-21. Given that an order denying a motion to compel notice effectively prescribes class notice, the same standard of review applies. The mechanics of class notice is left to the circuit court's discretion and is subject only to the reasonableness standard of due process. *Id.* On appeal, we consider whether the order meets the requirements of Rule 23 and due process. *Id.* However, questions of law and the interpretation of court rules will be reviewed de novo. *See Kesai v. Almand*, 2011 Ark. 207, at 3-4, 382 S.W.3d 669, 671.

Class notice is required under Rule 23(c) and as a matter of due process. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); Ark. R. Civ. P. 23, Addition to Reporter's Notes (1990). Rule 23(c)(1) provides that "[i]n any class action in which monetary relief is sought, . . . the court *shall* direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Ark. R. Civ. P. 23(c)(1) (2018) (emphasis added). The language of Rule 23(c)(1) is absolute: notice "shall" be given. *Id.*; *see Smith v. Fox*, 358 Ark. 388, 393, 193 S.W.3d 238, 242 (2004) ("The word 'shall' is mandatory."). The notice must clearly inform class members of, among other things, the class claims, the opportunity to opt out, and each member's right to "enter an appearance and participate" in the class action suit. *See* Ark. R. Civ. P. 23(c)(2).

4

The United States Supreme Court has made clear that unnamed class members have a due process right to these procedural protections. *See Shutts*, 472 U.S. at 811-12; *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974) ("individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case"). Class members "must receive notice plus an opportunity to be heard and participate in the litigation[.]" *Id.* Otherwise, notice does not satisfy due process. *Id.* After all, parties are not bound to class action judgments unless given a full and fair opportunity to litigate. *See Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 n.4 (1996). Once adequate notice is provided, however, its binding effect protects the defendant from a multiplicity of suits from individual class members. *See Kessler*, 363 Ark. at 174, 213 S.W.3d at 603; *see also Barnhart*, 308 Ark. at 198–99, 823 S.W.2d at 882.

Despite the mandatory nature of the notice requirement, the defendant may waive the right to compel class notice in certain circumstances. The general rule provides that when the defendant moves for and obtains summary judgment before the class has been notified, the defendant waives the right to class notice, and the circuit court's decision binds only the named plaintiffs. *See, e.g.*, *Faber v. Ciox Health*, 944 F.3d 593, 602–03 (6th Cir. 2019) (collecting cases). In such a situation, defendants "assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the

5

prospective onrush of litigants." *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) (quoting *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1382 (D.C. Cir. 1980)).

This brings us to *Kessler*, the case at the center of the parties' dispute. In *Kessler*, we cited *Schwarzschild* and *Postow* to conclude that the defendant's decision to move for summary judgment prior to notice waived the right to contest the failure to give notice. *Kessler*, 363 Ark. at 174-75, 213 S.W.3d at 603. After the circuit court denied the defendant's motion, it granted the plaintiffs' counter motion for summary judgment. *Id.* But we did "not view the fact that [the defendant] was unsuccessful in its summary-judgment motion as decisive." *Id.* at 175. Rather, we stated it "would make little sense for a defendant to move for summary judgment on liability issues before notice, lose on that motion, and then argue that the court's judgment violated notice requirements." *Id.* Accordingly, we held the pre-notice motion for summary judgment waived the mandate that notice be given under Rule 23(c). *Id.*

The circuit court below concluded that under *Kessler*, "it is the filing of a summary judgment motion, whether or not the opposing party was successful in its own efforts to secure summary judgment, that constitutes waiver of notice." This broad approach far exceeds the scope of *Kessler* and misapprehends the authorities relied upon in that opinion.

Unlike here (and *Kessler*), the *Schwarzschild* defendants obtained summary judgment prior to notice. *Schwarzschild*, 69 F.3d at 297. The defendants subsequently sought to compel notice so to obtain a judgment that was binding upon the class. *Id.* The Ninth

6

Circuit held that when defendants obtain summary judgment before class certification or notice, "they effectively waive their right to have notice circulated to the class" and the decision binds only the named plaintiffs. *Id.* Given that the City was not granted summary judgment, this case does not fall within the general rule announced in *Schwarzschild*.

Merriott suggests that post-judgment notice would be acceptable in this case. In *Postow*, the court held post-judgment notice is permitted "in appropriate circumstances" where "equitable reasons" demand binding the class. *Postow*, 627 F.2d at 1382-84. There, the court concluded it was not an abuse of discretion to order post-judgment notice based on the "complicated sequence of events," and where the plaintiff succeeded on summary judgment. *Id.* The court made clear it "did not intend to establish an inviolable rule for future cases." *Id.* Indeed, it recognized that such "one-way street" post-judgment certifications, where parties may enter a class action with full knowledge of the outcome, are typically disfavored. *Id.* Similarly, post-judgment notice has been allowed based "in the interest of fairness." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 762 (3d Cir. 1974). In *Katz*, the court held that where the defendant makes "a nonfrivolous claim that his business will be harmed or disrupted by the notice, and is willing to run the risk that the determination of liability, if he loses, will be given effect in favor of the class," the trial court should, "absent other compelling circumstances," allow post-judgment notice. *Id.*

7

This case does not present the procedural complexities as *Postow* or *Katz*. We accordingly reject Merriott's assertion that post-judgment notice is permissible in this case.

Moreover, unlike *Postow* and *Kessler*, there has not been a ruling on the merits of liability prior to notice. In those cases, the plaintiff succeeded on summary judgment. Here, the only ruling was to deny the City's motion for summary judgment. Contrary to Merriott's assertion, the denial of the City's motion for summary judgment "is not a decision on the merits; it simply is a decision that there is a material factual issue to be tried." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2712 (4th ed. 2019). In other words, this case is no closer to resolution on the merits than it was prior to the City's motion for summary judgment. There is simply no waiver or other concern to warrant forgoing the notice requirement in this case.

Because the circuit court's ruling was based solely on its erroneous interpretation of *Kessler*, we need not consider the remaining arguments on appeal. At this juncture, pretrial notice under Rule 23(c) is required in this case. The circuit court's contrary decision is reversed and remanded.

Reversed and remanded.

HART, J., concurs.

KEMP, C.J., and WYNNE, J., dissent.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that the circuit court abused its discretion in denying the motion for prejudgment notice filed by the City of Fort Smith

8

(The City). I write separately however because the majority's opinion drifts impermissibly into the advisory range. It is, of course, axiomatic that this court does not render advisory opinions. *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994). I also wish to underscore the danger of creating rules via the common law, without a formal mechanism for having these "interpretations" reflected in our court rules.

The simple holding in this case should be that the circuit court erred in applying dicta in *National Enterprises, Inc. v. Kessler*, 363 Ark. 167, 213 S.W.3d 597 (2005), to deny the notice required by Rule 23 of the Arkansas Rules of Civil Procedure. Rule 23 is very explicit:

> (c) Notice.
>
> (1) In any class action in which monetary relief is sought, including actions for damages and restitution, the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.
>
> (2) The notice must concisely and clearly state in plain, easily understood language:
>
> • the nature of the action,
>
> • the definition of the class certified,
>
> • the class claims, issues, or defenses,
>
> • that a class member may enter an appearance and participate in person or through counsel if the member so desires,
>
> • that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
>
> • the binding effect of a class judgment on class members.

(3) In any class action in which no monetary relief is sought, the court may require any notice it deems appropriate in the circumstances.

(4) The cost of any notice shall be borne by the representative parties; provided, however, that the court may shift all or part of the cost to the opposing party or parties if the case is settled or the class representative substantially prevails on the merits.

Rule 23 does not mention waiver of notice, and a litigant must be able to rely on our rules of procedure to chart the course of his or her litigation. *Tilley v. Malvern Nat'l Bank*, 2017 Ark. 343, 532 S.W.3d 570. Waiver in the law should be knowingly and intelligently made to be effective. *Id.* I am mindful that this court has often said that our interpretation of a rule or statute becomes part of the rule or statute being interpreted. However, dicta in an obscure case does not create a fissure in Rule 23 that swallows explicit language of the rule. I would hold that this case must be reversed because the circuit court abused its discretion by not applying the express language of Rule 23(c).

The very fact that this case is before us on appeal underscores the problem embedded in the previous paragraph. Matters in civil cases that may be appealed are expressly identified in Rule 2 of the Arkansas Rules of Appellate Procedure –Civil. Conspicuously absent is the denial of prejudgment notice to putative class members in a class-action lawsuit. Appeal of this issue was first allowed nearly three decades ago in *Union Nat'l Bank v. Barnhart*, 308 Ark. 190, 198–99, 823 S.W.2d 878, 882 (1992). Inexplicably, the holding in *Barnhart* never found its way into our rules of appellate procedure. While the Arkansas Supreme Court Standing Committee on Civil Practice takes an active role in

policing our rules of civil procedure and even our rules of evidence, it appears that appellate rules are something of a red-headed stepchild. It would serve the bar if this court adopted a mechanism for making sure that the *Barnhart* debacle is not repeated.

I concur.

**ROBIN F. WYNNE, Justice, dissenting.** Because I believe the City waived the mandate that notice be provided under Rule 23(c) by moving for summary judgment before notice was provided, I respectfully dissent.

In denying the motion to compel notice, the trial court relied on *National Enterprises, Inc. v. Kessler*, 363 Ark.167, 213 S.W.3d 597 (2005), for the proposition that the mandate that notice be provided to class members under Rule 23(c) is waived when a defendant in a class action moves for summary judgment prior to notice being provided. The parties in *Kessler* filed cross-motions for summary judgment before notice was provided. The trial court granted the plaintiff's motion but denied the defendant's motion. The defendant then appealed, arguing that notice was not provided to the class members before a ruling on the merits. We held that the defendant's "motion for summary judgment on liability issues prior to class notice waives the mandate that notice be given under Rule 23(c)." *Id.* at 175, 213 S.W.3d at 603. In reaching this conclusion, we reasoned that the timing of the defendant's summary judgment motion "raises the question of whether [defendant] made a strategic decision and, in doing so, waived its right to contest the failure to give notice, when it moved for summary judgment." *Id.* at 174, 213 S.W.3d at

603. And we emphasized that the outcome of the defendant's summary-judgment motion was not determinative: "Moreover, we do not view the fact that [defendant] was unsuccessful in its summary-judgment motion as decisive, as [defendant] contends. It would make little sense for a defendant to move for summary judgment on liability issues before notice, lose on that motion, and then argue that the court's judgment violated notice requirements." *Id.* at 175, 213 S.W.3d at 603.

The City could have chosen to move for summary judgment after the class was certified and class notice had been provided. Because it did not, it waived protection from subsequent lawsuits. One of the cases relied on in *Kessler*, *Postow v. OBA Fed. Sav. and Loan Ass'n*, 627 F.2d 1370, 1382 (D.C. Cir. 1980), succinctly states this point:

> [P]re-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, "the defendants . . . assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members . . . ."

(quoting *Haas v. Pittsburgh Nat'l Bank*, 381 F. Supp. 801, 805 (W.D. Pa. 1974), *rev'd on other grounds*, 526 F.2d 1083 (3d Cir. 1975)). In moving for summary judgment before a class was certified and before class notice was provided, the City made a strategic decision and assumed the risk that a judgment in its favor would not protect it from subsequent suits. That the City was unsuccessful does not negate its waiver. In my view, it was the City's

12

decision to file the motion, without regard to the trial court's ruling on that motion, that waived the mandate that class notice be provided.

I respectfully dissent.

KEMP, C.J., joins.

*Daily & Woods, PLLC*, by: *Jerry L. Canfield*, *Colby T. Roe*, and *Michael A. LaFreniere*, for appellant.

*Monzer Mansour*; and *King Law Group*, by: *W. Whitfield Hyman*, for appellee.