**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILLIAM RIORDAN,
         *Plaintiff-Appellee,*

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
         *Defendant-Appellant.*

No. 08-35874

D.C. No.
9:07-cv-00038-
DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
July 7, 2009—Portland, Oregon

Filed December 10, 2009

Before: Harry Pregerson, Pamela Ann Rymer and
A. Wallace Tashima, Circuit Judges.

Opinion by Judge Pregerson;
Partial Concurrence and Partial Dissent by Judge Rymer

## COUNSEL

Travis Dye, Kalkstein & Johnson, P.C., Missoula, Montana, for the defendant-appellant.

Justin Starin, Tornabene & McKenna, PLLC, Missoula, Montana, for the plaintiff-appellee.

## OPINION

PREGERSON, Circuit Judge:

Under the American Rule, civil litigants are generally required to pay their own attorney fees. The state of Montana, however, recognizes an exception to the American Rule in the

context of insurance disputes. We consider whether the claimant here, who was forced into litigation in order to recover the full benefit of his insurance contract, may recover attorney fees incurred as a result of that litigation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's award of attorney fees.

## I.  BACKGROUND

### A.  Riordan's Accident and Recovery of Benefits Prior to Litigation.

On October 21, 2004, William Riordan was injured in a car accident. It is undisputed that the other driver was at fault. At the time of the accident, Riordan and his wife were insured under three State Farm automobile insurance policies. Each policy provided uninsured motorist ("UIM") coverage with limits of $50,000 per person and $100,000 per accident.

In January 2005 Riordan retained an attorney, Mary Kay Starin, to help him obtain benefits from State Farm. Between the end of January and August 2006, State Farm paid Riordan UIM benefits totaling $30,586.59.

### B.  Commencement of Litigation to Recover Benefits.

Represented by new counsel, Justin Starin, Riordan filed suit against State Farm in federal district court on March 28, 2007, seeking "$150,000.00, less that which State Farm has already paid" and "for other and further relief as the Court shall deem just and proper." Riordan asserted that State Farm was required to provide $150,000.00 of UIM coverage, the "stacked" total of UIM coverage under the three policies. After being served with Riordan's Complaint but before filing an Answer, State Farm paid Riordan an additional $45,413.43 in UIM benefits. This brought the total UIM benefits paid by State Farm to $76,000, leaving $74,000 in UIM benefits remaining under the insurance policies' limits.

State Farm filed its Answer to the Complaint on June 14, 2007. In its Answer, State Farm flatly "denie[d] liability for payment of uninsured motorist benefits requested by [Riordan] on the grounds that [Riordan] has been reasonably compensated for his alleged injuries." State Farm denied that the nature, cause and extent of Riordan's damages were caused by the car accident. Further, while it did not dispute the existence of UIM coverage, State Farm asserted that Riordan was "not entitled to recover further under his underinsured motorist coverage . . . because his damages do not exceed amounts already received by him." The district court set a trial date for February 25, 2008.

Shortly before trial, on February 14, 2008, State Farm agreed to pay Riordan the approximately $74,000 in UIM benefits remaining under Riordan's insurance policies. The district court ordered the parties to brief the issue whether Riordan was entitled to attorney fees. Riordan then filed his motion for attorney fees on February 29, 2008.

### C.　Riordan's Motion for Attorney Fees.

A magistrate judge held two hearings related to the claim for attorney fees. The first hearing on March 14, 2008 focused on the issue of State Farm's liability for fees. At State Farm's request, the magistrate judge held a second evidentiary hearing on July 15, 2008 on the issue of the value of the legal services received by Riordan. On July 16, 2008, the magistrate judge issued findings of fact and recommended that Riordan be awarded attorney fees totaling $30,759. The magistrate judge considered Riordan's recovery from State Farm in three categories: (1) UIM benefits received before Riordan filed suit; (2) UIM benefits received after Riordan filed suit but before State Farm filed its Answer; and (3) UIM benefits received on the eve of trial. The magistrate judge recommended that Riordan receive no attorney fees for the UIM benefits received before Riordan filed suit. With respect to the $45,413.43 in UIM benefits received by Riordan shortly after

suit was filed, the magistrate judge found that Riordan should receive attorney fees "at an appropriate market rate for the attorney time reasonably spent" and recommended an award of $4,859. With respect to the $74,000 paid by State Farm on the eve of trial, the magistrate judge recommended an award of $25,900, an award based on the thirty-five-percent contingency fee Riordan entered into with his second attorney who represented him in the litigation.

State Farm objected to the magistrate judge's findings and recommendations and also moved to certify to the Montana Supreme Court the question whether State Farm was liable to Riordan for attorney fees. The magistrate judge responded with new findings and recommended denying the motion for certification. The magistrate judge reasoned that the state law issue was reasonably clear and provided the district court with a principled basis for its award of attorney fees. The magistrate judge also recommended that the district court decline to exercise its discretion to certify questions to the Montana Supreme Court in light of the fact that State Farm was dilatory and waited to seek certification until after it received an adverse determination on the claim for fees.

On September 29, 2008, the district judge adopted in full the magistrate judge's findings and recommendations and declined to certify State Farm's questions to the Montana Supreme Court. State Farm timely appeals.

## II.  DISCUSSION

We must first consider State Farm's motion to strike from the Record on Appeal portions of depositions and a proposed pre-trial order included in Riordan's Supplemental Excerpts of Record, and to strike the portions of Riordan's Answering Brief relying on those documents.

**[1]** Federal Rule of Appellate Procedure 10(a) states in pertinent part that "[O]riginal papers and exhibits *filed* in the dis-

trict court" are part of the record on appeal. Fed. R. App. P. 10(a) (emphasis added). "A paper is *filed* by delivering it" to the clerk or to a judge who agrees to accept it for filing.[1] Fed. R. Civ. P. 5(d)(2) (emphasis added).

[2] The deposition excerpts Riordan relied on before this court were appended as an exhibit to his Second Motion in Limine. The Second Motion in Limine was filed with the district court with the exhibits attached. Accordingly, the deposition excerpts constituted "an exhibit filed in the district court" for the purposes of Federal Rule of Appellate Procedure 10(a) and are properly before us as part of the Record on Appeal.[2] We deny State Farm's motion to strike.

State Farm argues that the final pretrial order was never "filed" but was merely "lodged" by the parties with the district court, and is therefore not properly part of the record on appeal. The pre-trial order is stamped "**LODGED**" with the name of the clerk of the court. The district court docket also contains an entry showing that the pre-trial order was "submitted for review" on February 8, 2008.

[3] Here, the pre-trial order bears the clerk's stamp, showing that the document was in the possession of the clerk. This indicates that it was "delivered to the clerk" in compliance with Rule 5(d)(2), governing the filing of documents. That the proposed pre-trial order was delivered to the court is also reflected in the district court docket entered by the clerk, which shows that the proposed final pretrial order was "[submitted] for review by William Riordan, State Farm Mutual Automobile Insurance Co." Riordan also specifically pointed

---

[1]Electronic filing is also permitted by local rule. Fed. R. Civ. P. 5(d)(3).

[2]State Farm's reliance on *Barcamerica International USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589 (9th Cir. 2002) is misplaced. There was no dispute in that case that "portions of . . . depositions and exhibits filed appended to the motion to summary judgment" were part of the record on appeal. *Id.* at 594.

to the pre-trial order in his brief in support of his motion for attorney fees, noting the pre-trial order's docket number and quoting it as saying that "Bill Riordan 'will seek attorney's fees pursuant to the insurance exception to the American Rule.' " The pre-trial order was properly called to the district court's attention and is part of the Record on Appeal.[3]

### A.   Whether the Claim for Attorney Fees was Properly Raised.

Turning to Riordan's claim for attorney fees, State Farm next argues that the claim was not properly raised. State Farm asserts that Riordan was required to specifically request attorney fees in his complaint, and that it suffered prejudice because Riordan "surprised" it on the eve of trial with the claim for attorney fees, depriving State Farm of adequate notice. The district court concluded that under Federal Rule of Civil Procedure 54(d)(2), Riordan properly raised his claim for attorney fees by motion after filing his complaint.

Whether Riordan followed the correct procedure to raise the claim is a question of federal law, which we review de novo. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007) (citing *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837-38 (9th Cir. 2001)) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."); *P.N. v. Seattle Sch. Dist. No.1*, 474 F.3d 1165, 1168 (9th Cir. 2007) (citing *Carbonell v. INS*, 429 F.3d 894, 897 (9th Cir. 2005) and *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128,

---

[3]In any event, review of the pre-trial order in the Supplemental Excerpts of Record does not affect our disposition. On appeal, Riordan uses the pre-trial order to support his argument that State Farm had adequate notice of his claim for attorney fees. As explained below, even without considering the pre-trial order, we have no difficulty concluding that State Farm had adequate notice of Riordan's claim for attorney fees.

1133 (9th Cir. 2003)) ("[E]lements of legal analysis and statutory interpretation underlying the district court's attorneys' fees decision are reviewed de novo[.]") We also review de novo a district court's interpretation of the Federal Rules of Civil Procedure. *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995).

State Farm relies on the notice and pleading requirements of Rule 8(a) (requiring the pleader to make a demand for judgment for the relief the pleader seeks) and Rule 9(g) (requiring special damages to be specifically pleaded in the complaint) to argue that Riordan was required to specifically request attorney fees in his complaint. State Farm contends that it suffered prejudice because Riordan "surprised" it on the eve of trial with the claim for attorney fees, rendering State Farm unable to conduct discovery on the fees claim, challenge the claim through summary judgment, or conduct a complete evaluation of Riordan's claim. These arguments fail. Riordan was not required to raise his claim in his complaint. Under Federal Rule of Civil Procedure 54(d)(2), Riordan properly raised his claim by motion.

**[4]** Rule 54(d)(2) provides that claims for attorney fees must be made by motion, and then sets out exceptions to that general rule. Subparagraph A of Rule 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The text of Rule 54(d)(2) lays out a general rule that a claim for attorney fees must be made by motion, with the exception that when the substantive law requires those fees to be proved at trial as an element of damages. The text of the rule supports the conclusion that Riordan properly raised the attorney fees claim by motion.[4]

---

[4]The advisory committee notes accompanying Rule 54(d)(2) also support the district court's ruling that Riordan properly raised his claim for attorney fees by motion. Subdivision (d)(2) was added to Rule 54 in 1993

**[5]** In examining this Rule, our court has held that raising claims for attorney fees by motion is proper. We specifically rejected the argument that such a claim must be raised in the pleadings:

> [T]he Federal Rules of Civil Procedure . . . establish the method by which a federal litigant must obtain attorneys' fees . . . . Each party [in this case] has assumed that some form of initial pleading—either a complaint or a counterclaim—is the appropriate manner by which the [party seeking attorneys' fees] should seek its costs. Yet, such is not generally the case in our federal system. Federal Rule of Civil Procedure 54(d)(2)(A) establishes that "[c]laims for attorneys' fees and related nontaxable expenses *shall be made by motion* unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." (emphasis added). And the Rules make clear that pleadings and motions are distinct. *Compare* Fed. R. Civ. P. 7(a) (defining "Pleadings," including counterclaims), *with* Fed. R. Civ. P. 7(b) (defining "Motions and Other Papers").

*Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1120-21 (9th Cir. 2004). Our discussion in *Port of Stockton* makes clear that, (subject to the exceptions laid out by Rule 54(d)(2)), it is proper to raise a claim for attorney fees by motion, and not in the pleadings.

Our examination of the text of Rule 54(d)(2) leads us to conclude that Riordan properly raised the claim for attorney

---

because attorney fees were not expressly addressed by the Rules. Fed. R. Civ. P. 54 Advisory Committee's Note (1993). The purpose of the revision was "to provide for a frequently recurring form of litigation not initially contemplated by the rules—disputes over the amount of attorneys' fees to be awarded in the large number of actions in which prevailing parties may be entitled to such awards . . . ." *Id.*

fees by motion. *Port of Stockton* also undermines State Farm's argument that Riordan should have included his claim for attorney fees both in his complaint and again by motion. As explained in *Port of Stockton*, pleadings and motions are distinct, and there is no requirement that the fees claim be first raised in the complaint, then again by motion. *Port of Stockton*, 371 F.3d at 1121.

**[6]** State Farm's argument that it was prejudiced by lack of notice is not persuasive. Rule 54(d)(2) allows parties to submit evidence and arguments regarding attorney fees, and provides that the motion may be referred to a magistrate judge for disposition. Fed. R. Civ. P. 54(d)(2)(C), (D). State Farm was afforded all these procedural protections. The attorney fees claim was fully briefed by the parties and referred to a magistrate judge for consideration. At State Farm's request, the magistrate judge held an evidentiary hearing at which Riordan presented witnesses attesting to the value of the legal services Riordan received, and State Farm cross-examined those witnesses. State Farm filed objections to the magistrate judge's findings and recommendations, and both the magistrate judge and the district judge responded to those objections. State Farm cannot credibly claim it was prejudiced after availing itself of the full protections available under Rule 54(d)(2). We hold that Riordan properly raised his attorney fee claim by motion.

### B.  **Entitlement to Fees**.

We now consider whether the district court erred when it determined that Riordan was entitled to attorney fees under Montana's insurance exception to the American Rule.

**[7]** "Montana follows the general American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision." *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003) (citing *Mountain W. Farm Bureau Mut. Ins. Co.*

*v. Hall*, 38 P.3d 825, 828 (Mont. 2001)). Montana recognizes an exception to the American Rule, however, where "the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract . . . ." *Brewer*, 69 P.3d at 660.

The Montana Supreme Court provided a lengthy discussion of Montana's insurance exception in *Brewer*. *Id.* at 652. In that case, the parents of a child injured in a car accident successfully established through litigation that the at-fault driver's insurance company was obligated to cover them. *Id.* at 654. They then moved for attorney fees. *Id.*

On appeal, the Montana Supreme Court examined Montana and other states' insurance exceptions to the American Rule. *Id.* After a detailed examination of the law in other jurisdictions and other persuasive legal authority, the court held:

> We decline to further propagate the arbitrary legal fiction that a substantive distinction exists between a breach of the duty to defend and the breach of the duty to indemnify. It seems inherently inconsistent that courts universally afford attorney fees incurred to establish a contested duty to defend and yet, simultaneously, reject such an award incurred in coverage disputes brought to preserve or eviscerate the obligatory defense . . . .
>
> Accordingly, we hold that an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract, regardless of whether the insurer's duty to defend is at issue.

*Id.* at 660.[5]

The first paragraph of *Brewer* quoted above focuses on the distinction between an insurance company's duty to defend and its duty to indemnify. State Farm argues that because Riordan's claim involves neither the duty to defend nor the duty to indemnify, Riordan's claim does not fall under Montana's insurance exception to the American Rule.

**[8]** On the other hand, the second paragraph of *Brewer* quoted above plainly holds that insureds who are forced to sue their insurers to obtain their bargained-for insurance benefits are entitled to attorney fees. Reading that clear language, the district court concluded that this case falls squarely within the holding of *Brewer* because Riordan was forced to litigate in order to receive the full benefit of his insurance policies.

The Montana Supreme Court has further discussed its holding in *Brewer* in subsequent cases and has emphasized the importance of the contractual relationship between insureds and insurers in applying its insurance exception to the American Rule. In *Sampson v. National Farmers Union Property & Casualty Co.*, the Montana Supreme Court described its holding in *Brewer* this way:

> [W]e have held that an insured is entitled to recover attorney fees under the "insurance exception" to the American Rule when the insurer forces the insured to commence legal action to obtain the full benefits of the insurance contract between them; however, we have declined to extend this exception to third party actions, where there is no privity of contract—no "previously bargained for benefit"—that the third party was forced into litigation to vindicate. *See Brewer*, [69 P.3d at 661].

---

[5]The plaintiffs in *Brewer* were nevertheless denied attorney fees, because they were third-party claimants who were not in privity with the insurance companies they sued. *Id.* at 661.

*Sampson*, 144 P.3d 797, 801 (Mont. 2006). In *Sampson*, the Montana Supreme Court observed that the key similarity between *Brewer* and *Sampson* was that the plaintiffs in both cases were third-party claimants and therefore not covered by the insurance exception. This reading of *Brewer* further supports the view that the Montana insurance exception encompasses the claim of Riordan, who is a first-party claimant. *See also Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 656 (Mont. 2009) ("Our decision in *Brewer* was based upon the lack of fiduciary duty running from an insurer to a third-party claimant . . . . The rationale underlying the insurance exception to the American Rule is the existence of a fiduciary duty, and no such duty exists here.")

**[9]** We conclude that the Montana Supreme Court's decision in *Brewer* and the Montana Supreme Court's subsequent interpretation of *Brewer*'s language supports the district court's award of attorney fees. By its own terms, *Brewer* states that "an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American Rule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract . . . ." *Brewer*, 69 P.3d at 660. Riordan's first-party claim against his insurance company falls within Montana's exception.

**[10]** State Farm unequivocally denied further liability to Riordan, and only settled with Riordan on the eve of trial. Riordan was forced to litigate to obtain the full benefit of his contract with State Farm. He is entitled to attorney fees under the insurance exception recognized in *Brewer*.

## C.  The District Court's Decision to Award Attorney Fees to Riordan

State Farm next argues that the district court should not have awarded attorney fees on the facts of this case. We review the district court's decision to award attorney fees for abuse of discretion. *Tutor-Saliba Corp. v. City of Hailey*, 452

F.3d 1055, 1059 (9th Cir. 2006). "A district court abuses its discretion if its ruling on a fee motion 'is based on an inaccurate view of the law or a clearly erroneous finding of fact.' " *Richard S. v. Dep't of Dev'l Servs. of Cal.*, 317 F.3d 1080, 1086-87 (9th Cir. 2003) (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). As explained above, the district court's view of the law was not inaccurate. The remaining question is whether the fee award was based on a clearly erroneous finding of fact.

[11] Under Montana law, a district court may award the full amount agreed upon under a contingency fee agreement so long as the amount of attorney fees is reasonable. *Stimac v. State*, 812 P.2d 1246, 1249 (Mont. 1991). The district court awarded Riordan a total of $30,759 in attorney fees. This fee award was not based on a clearly erroneous finding of fact.

State Farm argues that, assuming Riordan was entitled to fees, he should not have been awarded more than $1,233.40. Riordan's agreement with his first attorney, Mary Kay Starin, who represented him before litigation commenced, required Riordan to pay Ms. Starin one-third of any recovery. State Farm calculates this as one-third of $74,000, or $24,666.64. Riordan's agreement with his second attorney, Justin Starin, who represented him during the litigation, required Riordan to pay Mr. Starin thirty-five percent of any recovery. State Farm calculates this amount as thirty-five percent of $74,000, or $25,900. State Farm contends that Riordan should receive the difference between what he would have paid his first attorney had she recovered the full amount of the benefits owed, and the amount he owes his second attorney he retained for litigation. State Farm calculates the difference as $1,233.40.

[12] We agree with the district court that State Farm's argument lacks merit. Although State Farm provides its own proposal of what Riordan's attorney fees should be, State Farm does not explain why the district court's calculation of the fee award was clearly erroneous. The district court based its fee

award on Riordan's contingency fee agreement and took into consideration proper factors articulated in *Stimac,* including the experience and skill of the attorneys, the time and labor required to perform the legal services, the ability of Riordan to pay for the services, and the risk to Riordan of no recovery. *See Stimac*, 812 P.2d at 1249. It was not clear error for the district court to follow Montana law and calculate the award according to a reasonable hourly rate and the contingency fee agreement.

State Farm posits that even if *Brewer* applies, the district court erred by ignoring its argument that attorney fees are not warranted on the facts of this case. In State Farm's view, there were "significant questions" regarding whether Riordan's more recent medical treatment stemmed from injuries from the car accident, and awarding fees would be unjust where it was merely investigating Riordan's new claims. Contrary to State Farm's contentions, the district court did not largely ignore this argument. The district judge and the magistrate judge both considered State Farm's argument and rejected it as lacking merit. Before the trial court, State Farm had flatly denied that it was responsible for any further payments to Riordan. We cannot say that the district court abused its discretion in awarding fees here.

## D.  State Farm's Motion to Certify Questions to the Montana Supreme Court.

Lastly, State Farm argues that the district court should have granted its motion to certify questions to the Montana Supreme Court. *See* Montana Rule of Appellate Procedure 15(3) (permitting the Montana Supreme Court to answer a question of law certified by a court of the United States). We review for abuse of discretion the district court's decision whether to certify a question to a state supreme court. *See Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003) ("The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court."

(quoting *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985)); *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995) (same).

**[13]** Even where state law is unclear, resort to the certification process is not obligatory. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). Furthermore, "[m]ere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the state tribunal for the start of another lawsuit." *Id.* The district court did not abuse its discretion when it declined to certify to the Montana Supreme Court the question whether "Montana's insurance exception to the American Rule governing attorney's fees extend[s] to first-party claims where the dispute is over the value of the claim rather than the existence of a duty to defend or indemnify." As explained above, the language of *Brewer* and the Montana Supreme Court's subsequent holdings illustrate that Montana's insurance exception to the American Rule encompasses Riordan's claim.[6]

**[14]** On appeal, State Farm renews its motion to certify and asks us in an exercise of our discretion to certify the same questions to the Montana Supreme Court. As explained above we do not find it necessary to further prolong these proceedings where the state law is clear. We deny State Farm's motion to certify attorney fee questions to the Montana Supreme Court.

## III.  CONCLUSION

State Farm's Motion to Strike Documents from Appellee's

---

[6]The dissent relies on *Burkett v. State Farm Mutual Automobile Insurance Co.*, No. DDV-05-076, Mont. 8th Jud. Dist. Ct., Cascade County (May 23, 2007) for the proposition that Montana courts disagree on the reach of *Brewer*. We note that in *Burkett*, State Farm, the appellant here, received an adverse ruling, but did not appeal that ruling to the Montana Supreme Court.

Supplemental Excerpts of Record and Corresponding Argument in Response Brief is DENIED. State Farm's Motion to Certify Questions to the Montana Supreme Court is also DENIED. The district court's award of attorney fees is AFFIRMED.

---

RYMER, Circuit Judge, concurring in part and dissenting in part:

I agree that Riordan did not need to plead attorney's fees in order to seek them, but disagree that we should decide whether Montana's insurance exception to the American Rule extends to disputes over value of an UIM claim. I would certify this question.

Neither in *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652 (Mont. 2003), nor elsewhere has the Montana Supreme Court addressed whether the insurance exception extends beyond the duty to indemnify, to cover claims and disputes over UIM benefits of the sort presented here. Montana courts disagree about whether *Brewer* extends to this context. *See Burkett v. State Farm Mut. Auto. Ins. Co.,* No. DDV-05-076, Mont. 8th Jud. Dist. Ct., Cascade County (May 23, 2007) (awarding attorney's fees under *Brewer* where the plaintiff sought UIM benefits under a contract because "this is a first-party insurance action that [the plaintiff] was required to prosecute in order to obtain the benefit of her contract."); *Rand v. State Farm Mut. Auto. Ins. Co.*, No. DV-03-312, Mont. 18th Jud. Dist. Ct., Gallatin County (Mar. 4, 2005) (denying award of attorney's fees under *Brewer* where plaintiff had brought an action for UIM benefits under his contract because *Brewer* concerned the duty to indemnify, which did not involve UIM benefits). UIM coverage does not fit either recognized exception, where the duty to defend, or the duty to indemnify, is at issue.

It makes sense to give the Montana Supreme Court the first shot at the question. Montana trial courts see *Brewer* differently, the issue of attorney's fees in insurance disputes is obviously important, and insurance is quintessentially a matter of state law. To do otherwise also raises the spectre of forum shopping. Accordingly, I would certify the question whether Montana's insurance exception to the American Rule extends to first-party claims for underinsured motorist coverage where the dispute is over value of the claim.