FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN RODRIGUEZ, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> GEORGE SCHNEIDER, Class Member; et al., <br><br> Objectors - Appellants. | No. 09-56278 <br><br> D.C. No. 2:05-cv-03222-R-Mc <br><br> MEMORANDUM[*] |
| RYAN RODRIGUEZ, on behalf of himself and all others similarly situated; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> SARAH SIEGEL, Class Member; et al., <br><br> Objectors - Appellants. | No. 09-56314 <br><br> D.C. No. 2:05-cv-03222-R-Mc |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| RYAN RODRIGUEZ, on behalf of himself and all others similarly situated; et al., | No. 09-56500 |
| | D.C. No. 2:05-cv-03222-R-Mc |
| Plaintiffs - Appellees, | |
| v. | |
| ROBERT JOSEPH GAUDET, Jr., | |
| Objector - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 5, 2012[**]
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

George Schneider, Jonathan M. Slomba, James Puntumapanitch, Justin Head, and Ryan Helfrich (collectively, the "Schneider Objectors"), Sarah Siegel, Evans & Mullinix, P.A., Jennifer Brown McElroy, Daniel M. Schafer, David Oriol, and Jason Tingle (collectively, the "Siegel Objectors"), and pro se objector Robert Joseph Gaudet Jr. appeal from the district court's August 7, 2009 order denying

---

[**] The panel unanimously concludes that Appeal Nos. 09-56314 and 09-56500 are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

them attorneys' fees in whole or in part. The objectors contend that they are entitled to such fees for their efforts in securing $325,000 to the class as a result of the district court's rejection of the class representatives' requests for incentive awards. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in declining to award fees to the Siegel Objectors and Gaudet. The district court reasonably concluded that the Siegel Objectors and Gaudet did not meaningfully argue that the incentive awards should be voided because they created a conflict of interest, which was the argument that ultimately prevailed, *see Rodriguez v. W. Publ'g Corp.* (*Rodriguez I*), 563 F.3d 948, 958, 963 (9th Cir. 2009), and therefore did not "substantially enhance[] the benefits to the class under the settlement," *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002).

Nor does the district court's award of $8,125 to the Schneider Objectors constitute an abuse of discretion. In light of the broad deference accorded the district court to determine whether and in what amount to award fees, s*ee Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), we cannot say that the district court's finding that the Schneider Objectors' contributions were minimal, or its determination that $8,125 constituted a reasonable fee award, was clearly

-3-

erroneous.  *See, e.g.*, *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1008 (9th Cir. 2009).

**AFFIRMED.**