NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 04 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CECIL F. SMITH, | No. 16-35242 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00035-BR |
| v. | |
| ICTSI OREGON, INC., An Oregon Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted May 11, 2018
Portland, Oregon

Before: RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

On January 7, 2013, Cecil Smith stepped in a deep pothole at Terminal 6 of the Port of Portland (the Port), and was seriously injured. At that time, Terminal 6 was leased to ICTSI Oregon, Inc. (ICTSI).

Smith consulted an attorney, who requested and received documents relating to the lease and maintenance of the slab yard. Smith received the lease agreement between the Port and ICTSI in December, 2013. Exactly two years from the date of the injury, Smith filed this action against ICTSI. The complaint was dated January 7, 2015, which was the last day Smith could file the complaint under Oregon's statute of limitations, and Smith's counsel paid the filing fees on that date. *See* Or. Rev. Stat. § 12.110(1). On January 13, 2015, the Office of the Clerk of Court notified Smith's counsel that it did not receive the complaint. That same day, Smith's counsel refiled the complaint, which was entered in the district court docket.

ICTSI moved for summary judgment, arguing that Smith's suit was untimely. The district court granted the motion and dismissed the complaint with prejudice. Smith thereafter timely filed this appeal.

Federal courts in a diversity action must apply the substantive law of the state where the federal court is located. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). Oregon's statute of limitations for a personal injury

provides that "[a]n action for . . . any injury to the person . . . shall be commenced within two years[.]" Or. Rev. Stat. § 12.110(1).

Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint is filed when it has been "delivered to the clerk," and may be evidenced, for example, by entry on the docket. *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009).

Smith failed to raise a material issue of fact regarding his theory that the complaint was filed on January 7, 2015. Smith provided a receipt of his filing fee payment, which does not reflect successful submission of the complaint. Smith also acknowledged that the Clerk of Court informed Smith that the Clerk was not in receipt of the complaint on January 7, 2015. Because Smith failed to raise a material question of fact to support his assertion that the complaint was timely filed, summary judgment in favor of ICTSI on this issue was appropriate. *See King v. County of Los Angeles*, 885 F.3d 548, 556 (9th Cir. 2018) (articulating summary judgment standard).

Smith also failed to raise a material issue of fact regarding application of Oregon's discovery rule. "[U]nder [Oregon Revised Statutes § 12.110(1)], the limitations period begins to run from the earlier of two possible events: (1) the

date of the plaintiff's actual discovery of injury; or (2) the date when a person exercising reasonable care should have discovered the injury, including learning facts that an inquiry would have disclosed. . . ." *Htaike v. Sein*, 344 P.3d 527, 534 (Or. App. 2015) (citation, emphases, and internal quotation marks omitted). "An injury is discovered when a plaintiff knows, or should have known, of a substantial possibility that three elements exist: (1) harm; (2) causation; and (3) tortious conduct." *Dickson v. TriMet*, 412 P.3d 1188, 1191 (Or. App. 2018) (citation and internal quotation marks omitted).

It is undisputed that Smith was aware that ICTSI was the lessee of Terminal 6 when he stepped into the pothole, and that his injury might have been the result of negligence. *See Htaike*, 344 P.3d at 534 ("[A] court must consider the facts from the perspective of a reasonable person in the circumstances of the plaintiff. . . [including] the relationship between the parties and the nature of the harm suffered. . . .") (citations and internal quotation marks omitted).

That Smith did not know the full extent of the legal relationship between ICTSI and other potential defendants at the time of his injury is immaterial. "[I]f a plaintiff knows that he or she has suffered some harm and knows that it is the result of tortious conduct, an argument that the plaintiff did not know the full extent of the harm or that those facts had legal significance will be of no avail. . . ."

*Doe 1 v. Lake Oswego Sch. Dist.*, 297 P.3d 1287, 1297 (Or. 2013).  As a matter of law, Smith had sufficient information that he should have been aware of a substantial likelihood of the existence of all three elements of his negligence claim on the date of his injury, thereby satisfying the discovery rule.  *See id.*

**AFFIRMED.**