NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DAVIS, | No.    18-36074 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00849-MJP |
| v. | |
| ZHOU LIANG, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| EMPIRE FIRE AND MARINE INSURANCE COMPANY, | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted December 9, 2019[**]
Seattle, Washington

Before:      MCKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

On June 5, 2014, Zhou Liang, a Chinese national, collided his rental car into a King County Metro Bus, injuring Michael Davis, a bus passenger. After the collision, Liang returned to China, and has not since returned to the United States. On June 1, 2017, only four days before the three-year statute of limitations on the negligence claim was set to expire, Davis sued Liang for negligence in federal district court. Davis attempted to serve process on Liang on September 28, 2017, 119 days after he filed his action, by transmitting service documents to the Chinese Ministry of Justice in accordance with the Hague Convention.

Federal courts sitting in diversity jurisdiction use the forum state's statute of limitations for personal injury torts. *See Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). RCW 4.16.170 states that for the purpose of tolling any statute of limitations, an action shall be considered commenced when either the complaint is filed or when summons is served, whichever occurs first. When filing occurs before service, service must occur within 90 days of filing for the lawsuit to be considered "commenced" as of the date of filing for purpose of the statute of limitations. In cases of foreign service under the Hague Convention, the date of service is considered to be the date the necessary documents are transmitted to the foreign authority. *Broad v. Mannesmann Anlagenbau, A.G.*, 10 P.3d 371, 380 (Wash. 2000).

The district court dismissed the case because Davis first attempted to

18-36074

transmit the required documents to the Ministry of Justice on September 28, 2017, 119 days after filing his complaint and after June 5, 2017, the day the three-year statute of limitations expired. Because the first attempt at service of the federal suit fell outside the 90-day period under RCW 4.16.170, the district court considered the lawsuit commenced on September 28, and therefore after the statute of limitations expired, rather than the day the suit was filed.

On appeal, Davis argues that the district court erred by applying RCW 4.16.170 because it conflicts with and is superseded by Fed. R. Civ. P. 4(m). The panel reviews *de novo* both the district court's interpretation and application of the Federal Rules of Civil Procedure as well as Washington's statute of limitations. *Riordan v. State Farm Mut. Auto Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009); *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1045 (9th Cir. 2012).

Rule 4(m) states that if a defendant is not served within 90 days of the complaint's filing, a court shall dismiss that action without prejudice unless good cause is shown. However, it also states that this 90-day deadline does not apply to service in a foreign country. Davis claims Rule 4(m) directly conflicts with and supersedes RCW 4.16.170 because under Rule 4(m), there is no time limit to effect service in a foreign country, while RCW 4.16.170 imposes such a time limit. *See Hanna v. Plumer*, 380 U.S. 460 (1965).

RCW 4.16.170 and Fed. R. Civ. P. 4(m) do not conflict. The Washington

statute is not a service-deadline statute. Rather, it establishes when and under what circumstances the statute of limitations is tolled. It begins with "For the purpose of tolling any statute of limitations . . ." and ends with "for purposes of tolling the statute of limitations." Rule 4(m), on the other hand, is a service-deadline rule. Under RCW 4.16.170, Washington plaintiffs are not required to serve process within 90 days of filing—if they do not, however, the statute of limitations will not be tolled from the date of filing. Rather, in the case of foreign defendants, the statute of limitations is tolled from the date the required documents are transmitted to the foreign authorities. RCW 4.16.170 does not conflict with Rule 4(m) and the district court was correct to apply the state law in this case. The district court was correct to consider the case commenced after the statute of limitations expired and to dismiss it on that ground.[1]

**AFFIRMED**.

---

[1] Empire Fire's Motion to File Supplemental Briefing [Doc. No 36] is **DENIED** as moot.