NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM DURBIN; CAROL DURBIN, | No.   17-35740 |
| Plaintiffs-Appellants, | D.C. No. 9:16-cv-00040-DLC |
| v. | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted January 2, 2020[**]
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and MÁRQUEZ,[***] District Judge.

In their attempt to obtain third-party liability insurance payments under a

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  This case is resubmitted as of January 2, 2020.

[***]   The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

policy issued by Mountain West Farm Bureau Mutual Insurance Company ("Mountain West"), William and Carol Durbin appeal from the district court's grant of summary judgment in favor of Mountain West and the court's refusal to certify a question of state law to the Montana Supreme Court. We review de novo a district court's decision to grant summary judgment. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). We review a district court's refusal to certify a question of state law for abuse of discretion. *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985). As the parties are familiar with the facts, we do not recount them here. We affirm.

1.  The district court properly determined that the Durbins cannot require Mountain West to "stack" liability coverage limits under the policy at issue in this case. The terms of Mountain West's policy clearly state that "the most [Mountain West] will pay" as a result of "any one 'accident' is the Limit of Insurance for Liability Coverage shown in the Declarations." That limit is $500,000, the same amount that Mountain West has already paid to the Durbins. If those terms are enforceable, then the policy clearly prohibits stacking. To the extent that the Durbins may have expected otherwise, that expectation was unreasonable. *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 305 P.3d 861, 867 (Mont. 2013) (holding that the reasonable expectations doctrine does not apply when a policy's terms "clearly demonstrate an intent to exclude coverage").

These terms do not violate public policy and are therefore enforceable under Montana law. An insurance policy that provides illusory coverage—in other words, that "contains provisions that defeat coverage for which the insurer has received valuable consideration"—is against public policy, and the offending provisions are unenforceable. *Hardy v. Progressive Specialty Ins. Co.*, 67 P.3d 892, 899–900 (Mont. 2003). If a single insurance policy provides a person with multiple sets of first-party coverage that is "personal and portable," then the person must be allowed to "stack" the limits of that coverage and receive a higher maximum payout. *See Cross v. Warren*, 435 P.3d 1202, 1208 (Mont. 2019) (collecting cases). However, coverage is "personal and portable" only if it protects the insured person in "all circumstances." *Jacobson v. Implement Dealers Mut. Ins. Co.*, 640 P.2d 908, 912 (Mont. 1982). Third-party liability coverage is not portable under Montana law because such coverage "is not . . . portable and applicable in 'all circumstances.'" *Cross*, 435 P.3d at 1208. Instead, such coverage applies only when the insured is operating a vehicle covered by that insurance. *Id.* Because the coverage applies only under specific circumstances, refusing to stack limits does not defeat coverage for which the insurer has received consideration. *Id.* at 1209–10.

That the Durbins received a full assignment of rights under the Mountain West policy is irrelevant. An assignment of rights does not make the liability

3

coverage "personal and portable" because the coverage still applies "only with respect to an accident arising out of the ownership, maintenance, or use of an auto or trailer." *Id.* at 1208; *see also id.* at 1212 n.1 (McKinnon, J., concurring) (recognizing that liability coverage "does not become personal or portable through an assignment"). Even if the Durbins became insureds through the assignment of rights, their status as insureds does not allow them to stack liability coverage limits.

2       The decision whether to certify an issue to a state court of last resort "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Even if state law is unclear, "resort to the certification process is not obligatory." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009). Given the ample precedent describing when insurance coverage is "personal and portable" for purposes of stacking coverage limits, the district court did not abuse its discretion when it determined that it could apply existing law to the Durbins' claims.[1]

**AFFIRMED**.

---

[1]       For similar reasons, the Durbins' Motion for Certification to the Montana State Supreme Court, Dkt. 5, is denied.

4