**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARMEN ENCISO, as an individual and Trustee of The Donald E. Regan and Carmen Enciso Family Trust UDTA dated September 24, 2002 and as successor in interest to the Estate of Donald E. Regan, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JACKSON NATIONAL LIFE INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 24-1334 <br><br> D.C. No. 2:21-cv-09205-DMG-PVC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 16, 2025[**]
Pasadena, California

Before: IKUTA and R. NELSON, Circuit Judges, and EZRA, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Carmen Enciso appeals an order of the district court granting summary judgment to Jackson National Life Insurance Company (Jackson National) on her breach of contract claim.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Enciso's breach of contract claim fails because the insured, Dr. Donald E. Regan, affirmatively cancelled his life insurance policy and thereafter was not entitled to a 60-day grace period pursuant to California Insurance Code § 10113.71(a).  Section 10113.71 provides that "[e]ach life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days *from the premium due date*."  Cal. Ins. Code § 10113.71(a) (emphasis added).  By its own terms, section 10113.71 applies only where an insured failed to pay a premium, and not where a policy was cancelled for another reason.  This is consistent with how grace periods generally apply in the insurance context.  *See, e.g.*, 1A Couch on Insurance § 8:25 (3d ed. 2024) (recognizing that "[g]race periods relate to premium payments only and thus, there is no grace period provided for situations in which the policy is cancelled for reasons other than the

_____

[1] The district court also granted summary judgment to Jackson National on Enciso's bad faith and elder abuse claims, as well as three negligence-based claims.  Because Enciso concedes on appeal that she can succeed on these claims only if she prevails on her breach of contract claim, we decline to address them separately.

2

failure to pay premiums"). Moreover, a California Court of Appeal has explained that where an insurance policy was "terminated before commencement of any grace period, the provisions of the policy pertaining to grace periods have no application." *Coe v. Farmers New World Life Ins. Co.*, 209 Cal. App. 3d 600, 607 (1989). Therefore, section 10113.71(a) does not apply where, as here, the insured affirmatively cancelled the relevant life insurance policy.

Separately, Enciso's breach of contract claim fails because Enciso cannot show that any violation of section 10113.71(a) caused her harm. *See Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1192 (9th Cir. 2024). To show harm based on an insurer's noncompliance with section 10113.71, plaintiffs "must demonstrate that they did not knowingly or intentionally let the policy lapse." *Id.* at 1193. Enciso concedes that Dr. Regan intentionally cancelled his policy, so she cannot show harm. Thus, her breach of contract claim fails.

Last, because we can resolve the question whether section 10113.71(a) applies in this case without resorting to certification, *see Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009), we decline Enciso's request that we certify this question to the California Supreme Court.

**AFFIRMED.**[2]

---

[2] Enciso's motion to accept late filing of the reply brief (Dkt. No. 43) is GRANTED.